UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JAN 3 0 2020
CAROL L. MICHEL
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-219 |
| v. | * | SECTION: "L" |
| DAMIAN K. LABEAUD<br>    a/k/a Damian Kevin Lebeaud<br>    a/k/a Damien K. Lebeaud<br>LUCINDA THOMAS<br>MARY WADE<br>JUDY WILLIAMS<br>    a/k/a Judy Lagarde<br>DASHONTAE YOUNG<br>GENETTA ISREAL<br>MARIO SOLOMON<br>LARRY WILLIAMS | * | |

\* \* \*

## FACTUAL BASIS AS TO JUDY WILLIAMS

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 1 of the Superseding Indictment now pending against the defendant, **JUDY WILLIAMS**, charging her with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit wire fraud. The Defendant, along with her co-conspirators and others, beginning in approximately June 2017 and continuing through approximately June 2019, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud in connection with a staged accident that occurred on June 6, 2017 in which the Defendant was a passenger.

On June 6, 2017, the Defendant, Damian Labeaud, and her other co-conspirators, Lucinda Thomas, Mary Wade, and Dashontae Young, agreed on a plan in which Labeaud would



AUSA
Defendant
Defense Counsel

intentionally collide with a tractor-trailer with the Defendant and her co-conspirators in the vehicle at the time of the staged collision. As part of this agreement, following the staged accident, the Defendant and her co-conspirators, Thomas, Wade, and Young, would attempt to recover monetary damages from the owner and insurer of the tractor-trailer in connection with purported injuries suffered as a result of the staged accident.

On June 6, 2017, the Defendant drove with Thomas, Wade, and Young in Thomas's vehicle, a 2009 Chevrolet Avalanche ("the Avalanche"), from Houma, Louisiana to New Orleans for a meeting with Labeaud at a Burger King restaurant wherein they discussed their plan to let Labeaud drive the Avalanche to stage an accident while the Defendant, Thomas, Wade, and Young were passengers in the vehicle. Immediately following this meeting, Thomas let Labeaud drive the Avalanche from the Burger King with the Defendant, Wade, and Young as passengers. At approximately 12:30 P.M. on June 6, 2017, Labeaud was driving the Avalanche east on Chef Menteur Highway in New Orleans and intentionally collided with a 2017 Freightliner tractor-trailer that was merging onto Chef Menteur Highway. Immediately after the accident, Labeaud exited the Avalanche and left the scene of the accident. Thomas then switched into the driver's seat of the Avalanche to make it appear as though Thomas was driving the vehicle at the time of the accident.

After the accident on June 6, 2017, Thomas contacted the New Orleans Police Department ("NOPD") to report the accident. Labeaud reappeared at the scene of the staged accident with Mario Solomon and falsely represented to the NOPD that he was a percipient witness of the staged accident. Immediately after the accident, the Defendant met with Attorney A, Labeaud, Thomas, Wade, and Young at a Raising Cane's restaurant on Chef Menteur Highway. The purpose of this meeting was to discuss Attorney A's representation of the Defendant, Thomas, Wade, and Young

2



AUSA _BK_
Defendant _QW_
Defense Counsel _LL_

in connection with seeking monetary damages from the owner and insurer of the 2017 Freightliner tractor-trailer for the staged accident that had taken place earlier that day. As a result of this meeting with Attorney A, the Defendant, Thomas, Wade, and Young all hired Attorney A to represent them.

On March 6, 2018, Attorney A filed a personal injury lawsuit on behalf of the Defendant and Wade against the owner and driver of the 2017 Freightliner tractor-trailer, including the owner's insurer, styled *Judy Williams and Mary Wade v. IQS Insurance Risk Retention Group, Inc., Southern Refrigerated Transport, Inc., and Darnell Artin* in the Civil District Court for the Parish of Orleans in the State of Louisiana ("the Williams and Wade Lawsuit"). On March 8, 2018, the Williams and Wade Lawsuit was removed to the United States District Court for the Eastern District of Louisiana, assigned Civil Action Case Number 18-2472, and allotted to Section "A."

The allegations in the Williams and Wade Lawsuit were false in that they did not contain information about how Labeaud intentionally caused the June 6, 2017 accident with the 2017 Freightliner tractor-trailer. Furthermore, the Williams and Wade Lawsuit omitted material information about how the Defendant had agreed to stage the accident with Labeaud. Additionally, after Attorney A filed the Williams and Wade Lawsuit, Attorney A met with the Defendant and advised that she could obtain a higher recovery if she had a surgical procedure performed. During this meeting, Attorney A pointed at the Defendant's neck and indicated where the surgeon would make an incision when performing a procedure on her back. As a result and at the behest of Attorney A, the Defendant underwent a back procedure performed by Physician A referred by Attorney A in an attempt to obtain a greater recovery in connection with the Williams and Wade Lawsuit.



AUSA
Defendant
Defense Counsel

On September 13, 2018, the Defendant was deposed in connection with the Williams and Wade Lawsuit. The Defendant lied during that deposition and omitted key material facts. Namely, the Defendant provided false testimony about the circumstances of the June 6, 2017 accident and covered-up the fact that Labeaud had been the driver in this staged accident. Between September 2018 and April 2019, the owner and insurer of the 2017 Freightliner tractor-trailer (Southern Refrigerated Transport, Inc. ("SRT"), Covenant Transportation Group ("Covenant"), and IQS Insurance Risk Retention Group, Inc. ("IQS")) uncovered information indicating that the June 6, 2017 accident had been staged and sought to re-depose the Defendant with this new information. On April 9, 2019, the Defendant was re-deposed in the Williams and Wade Lawsuit and again provided false information about the June 6, 2017 staged accident.

Ultimately, the Defendant settled the Williams and Wade Lawsuit for $7,500, and after June 7, 2019, the Defendant cashed a settlement check in that amount. In effectuating the settlement, the Defendant caused Covenant to issue from its Chase Bank ("Chase") account check number 609230 dated June 7, 2019 in the amount of $7,500. When cashing that check in Louisiana, the Defendant caused Chase to create an electronic wire communication that traveled to a Chase data center located outside of Louisiana. In total, the Government would present evidence at trial that the loss to Covenant Transportation Group was $43,000.00.

In sum, the Government's evidence would prove the defendant, **JUDY WILLIAMS**, conspired to commit wire fraud by causing the filing of the civil personal injury lawsuit seeking monetary damages that was premised on falsehoods in connection with the June 6, 2017 staged automobile accident, providing false information during the course of the civil personal injury lawsuit in an effort to recover monetary damages against the owner and insurer of the 2017

AUSA
Defendant
Defense Counsel

Freightliner tractor-trailer, and causing the use of interstate wire communications to facilitate her recovery with this staged accident.

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **WILLIAMS**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **WILLIAMS**.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and admissible tangible exhibits in the custody of the FBI.

READ AND APPROVED:

_____
JUDY WILLIAMS
Defendant

_____
RALPH S. WHALEN, JR.
Counsel for Defendant

_____
BRIAN M. KLEBBA
Assistant United States Attorney

5